UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| PATRICK A. JONES, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:09-CV-235-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| ERIC WILSON, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is ripe for a decision on Patrick A. Jones' Petition for Writ of Habeas Corpus, brought pursuant to 28 U.S.C. § 2241.

**I.**

On July 8, 2009, Jones, a prisoner in the custody of the Federal Bureau of Prisons ("BOP") and confined in the United States Penitentiary-McCreary, in Pine Knot, Kentucky, submitted the instant *pro se* Petition for Writ of Habeas Corpus. He has set out the facts of each of five (5) disciplinary convictions; claimed they were all flawed as they were obtained in violation of his due process rights; and alleged that he exhausted the administrative appeals of all five of the convictions which he is challenging in this case. He has asserted that he is entitled to the reversal and expungement of them from his records.

Upon screening the Petition, the Court dismissed four of the five claims for reasons stated in the Memorandum Opinion and Order of October 1, 2009, but ordered that the Warden respond to the issues raised in Incident Report No. 1716824. He has now submitted his Response.

## II.

The warden's Response contains attachments, one of which is a copy of the incident report. The report contains both the BOP's and the Petitioner's versions of the facts of April 1, 2008, events giving rise to the disciplinary proceedings. The reporting BOP officer, Lieutenant Carter, wrote that the incident began when the Petitioner refused to accept a cell mate:

> . . . [H]e began attempting to encourage a group demonstration by yelling to the other inmates, "They forcing me in a cell against my will." I'm not willing to go in a cell everybody." When they take these restraints off, I'm gonna show them why they shouldn't have." Inmate Jones was moved to the rear of cell C-21 and instructed to remain there while staff removed the restraints from his cell mate. Inmate Jones rushed from the rear of the cell and began to bang his body against the other inmates body in an effort to have his restraints removed first so he could assault the other inmate while he was still in restraints. Staff gave inmate Jones several orders to move from the food slot and he refused. Staff removed him from cell C-21 and escorted him from the range.

[Record No. 13, Attachment 13-2, § 11.] The incident report also contains the Petitioner's version of events, which he gave to another officer, Lt. Ashley, upon being charged:

> "I did not refuse, nor did I resist staff orders. I told staff that I would not take a cell mate due to fact that I am in fear for my safety and was not going to be placed into a cell against my will" The inmate denies making the statements in section 11 and did not bang his body against the other inmate. Inmate Jones also stated "The inmate was placed into the cell and his restraints were removed first to assault me. He also states that staff assaulted me while I was in the cell and in the office. Staff did this to me against my will and putting my safety at danger." Inmate Jones #60763-080 admitted to stating that they are forcing me into a cell against his will . . .

[*Id.* at § 24.] The hearing before a Disciplinary Hearing Officer ("DHO") was held on April 22, 2008. As described *supra*, the DHO found Jones guilty on three of the charges, *i.e.*, Code 224 Assault; Code 203, Threatening Another With Bodily Harm; and Code 306, Refusing an Order.

With regard to the law, the Respondent contends that the Petitioner received all the process which he was due under *Wolff v. McDonnell*, 418 U.S. 539 (1974), and he attaches

documents evidencing Jones' having been supplied with a notice of his rights and a notice of the April hearing before the DHO. Additionally, the warden insists, there was "some evidence" of his having committed the acts of which he was found guilty, which meets the due process standard set forth by the Supreme Court in *Superintendent v. Hill*, 472 U.S. 445 (1985). For these reasons and because the government is entitled to summary judgment on this claim, the Respondent urges the Court to deny Jones' Petition.

### III.

Petitioner's claims herein are baseless. The documents containing his rights as a charged inmate and his notice of the upcoming DHO hearing actually support the BOP's version of facts and leave the BOP's offered evidence uncontroverted. The notice of the DHO hearing, which Jones refused to sign, shows that he was not only advised of his rights but that he requested a staff representative from his unit to assist him and two BOP officers to be witnesses.

The DHO report shows that the Plaintiff was permitted to have all three of these requested people at the hearing, but it was Jones who chose not to be present to receive the staff's assistance or to hear the oral testimony of one witness or to hear the reading of a statement from the other witness. Further, the Inmate Rights document contains the warning that his "silence may be used to draw an adverse inference against you" but that silence alone would not support a finding of guilt.

The DHO report shows that Petitioner's silence did give rise to an adverse inference, which the DHO did consider. However, Jones' silence was not the lone reason for finding guilt, as the DHO also relied upon oral testimony from Lt. Carter, as well as the written incident report. The DHO has written that he considered all of these sources and that Petitioner had not

sought to offer any documentary or other evidence.

That the Petitioner refused to attend the hearing, rather than was not notified of the hearing, is also supported by the signatures of two different officers, who had not been involved in the disciplinary proceeding earlier but who verified that Petitioner refused to attend. In short, there is evidence that Jones knew of the hearing, knew of his rights, but refused to attend – a deliberate, but not wise choice. As a practical matter, a prisoner's refusal to take part in a disciplinary adjudication cannot be grounds for overturning the complained-of conviction or no prisoner would show up for his or her hearing.

In a Memorandum Opinion and Order issued at the outset of this case, this Court cited *Wolff v. McDonnell*, the same case as the Respondent now cites, and wrote that a prisoner charged with a serious disciplinary offense[1] requires only minimal due process. In that case, the U.S. Supreme Court held that prison disciplinary proceedings comply with minimal due process requirements if the prisoner receives written notice of the charges at least twenty-four hours prior to the disciplinary hearing; the prisoner receives a written statement of the evidence relied upon and the reasons for disciplinary action; and the prisoner has a limited right to call witnesses and present documentary evidence as a defense. *Wolff*, 418 U.S. at 563-69.

The Court finds that the Petitioner was provided these due process safeguards in the disciplinary proceeding at issue herein. Although Jones insists that he was not given notice, did not refuse to come to the hearing, etc., Petitioner has offered no support for these contentions,

---

[1] In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court determined that whether or not a prisoner had been subjected to a due process violation in the context of a prison disciplinary hearing depended on whether the restraint with which the prisoner was punished "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of his sentence." *Id.* at 484, 487. As the loss of good time credits means that the instant Petitioner will serve a longer sentence, he was entitled to the due process protections of *Wolff v. McDonnell*, 418 U.S. 539 (1974).

from any source.  In contrast, the BOP has several supporting sources and documents for its position that Jones was provided more than one notice and refused to come to the hearing.

The Petitioner's allegations versus the BOP's documents raise the issue of the scope of a federal court's review.  Again as this Court wrote earlier, a district court's role in reviewing a disciplinary conviction is extremely limited. Under *Superintendent v. Hill*, 472 U.S. 445(1985), a disciplinary conviction must be upheld as consistent with due process so long as there is "some evidence" to support the decision.  *Id*. at 455-56.

This standard means that a district court only ensures that the disciplinary decision is not arbitrary and does have evidentiary support.  *Superintendent,* 472 U.S. at 457.  It does not mean that a federal court has any authority to review the resolution of factual disputes in a disciplinary decision under the guise of due process.  *Id.*  "Some evidence," as its name suggests, is a lenient standard. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000).  Even meager proof will suffice.  *Id.* at 652.

In the instant case, there is more than some evidence that the Petitioner assaulted a person, threatened to assault another person, and refused to take an assigned cell mate.  Moreover, that evidence is from several sources and in several forms, all supporting the ultimate decision against him, *i.e.* that Jones committed the crimes of which he was found guilty.

**IV.**

Accordingly, for the reasons discussed above, and the Court being otherwise advised, **IT IS ORDERED** as follows:

(1) Petitioner Patrick A. Jones' Petition for Writ of Habeas Corpus is **DENIED**;

(2) Respondent's Motion for Order [Record No. 11] is **GRANTED**;

  (3)  Petitioner's Motion for Reconsideration [Record No. 15] is **DENIED** as meritless;

  (4)  Petitioner's Motion for Discovery [Record No. 16] is **DENIED** as **MOOT**;

  (5)  this action will be **DISMISSED**; and

  (6)  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 17th day of December, 2009.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge